UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Letha L. Caywood,                                    Case No. 3:17-cv-1725

            Plaintiff

    v.                                                MEMORANDUM OPINION
                                                                 AND ORDER

Commissioner of Social Security,

            Defendant

## I.    INTRODUCTION

Before me is the Report and Recommendation ("R & R") of Magistrate Judge James R. Knepp, II. (Doc. No. 17). Judge Knepp recommends I affirm the final decision of Defendant Commissioner of Social Security denying Plaintiff Letha L. Caywood's applications for Disability Insurance Benefits and Supplemental Security Income. (*Id.*). Caywood filed objections to Judge Knepp's R & R, (Doc. 18), and the Commissioner responded, (Doc. No. 19).

## II.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d

727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## III. DISCUSSION

Caywood states two objections to the R & R. First, she asserts Judge Knepp failed to address whether the ALJ evaluated the required regulatory factors when determining the amount of weight to give to "other" source opinions. In turn, Caywood alleges Judge Knepp erred in concluding the ALJ properly gave "great weight" to the opinion of the State agency psychological and medical consultants.

Because no "treating source" medical opinion was given controlling weight in this case, the ALJ was required to weigh several factors when determining the weight to assign both medical opinions and opinions from "not acceptable medical sources." 20 C.F.R. §§ 404.1527(c) & (f). These factors include: the examining relationship, the treatment relationship, supportability of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the opinion's author. *See* 20 C.F.R. § 404.1527(c). With respect to "not acceptable medical source" opinions, though "not every factor for weighing opinion evidence will apply in every case," the ALJ

> generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

20 C.F.R. § 404.1527(f); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (citing SSR 06-03p, 2006 WL 2329939 (S.S.A.)).

In this case, there is no dispute that Certified Nurse Specialist ("CNS") David Bingham and Counselor Marsha Manon are "not acceptable medical sources." (Doc. No. 18 at 2). As to the opinions of CNS Bingham and Counselor Manon, the ALJ stated only:

> In a February 2016 statement, Marsha E. Manon stated the claimant is unable to work (Exhibit 24F/1). She also said the claimant is unable to function in any position that would exert any further stress on her emotionally (Exhibit 24F/2). She also

2

> opined the claimant should not have contact with people with whom she is unfamiliar and should avoid workplace stress *(Id.)*. The undersigned gives this statement partial weight because whether a claimant can work is a matter reserved for the Commissioner. Additionally, she has suggested she is able to interact with people with whom she is unfamiliar, as she goes shopping and attends church on a regular basis (Hearing testimony).
>
> In a September 2014 medical source statement, Ms. Manon suggested the claimant would be able to remember, understand, and follow directions for simple tasks between 2/3 and 80% of the time (Exhibit 10F/131). She also stated the claimant would be able to stay on task 2/3 of the time *(Id.)*. She also estimated the claimant would be absent, late, or have to leave early 1 to 3 times a month and would be unable to interact with the public, coworkers, or supervisors (Exhibit l0F/132). She further stated the claimant would be off-task 15-20% of the workday (Exhibit 10F/133). The undersigned gives this statement little weight because the record as a whole suggests the claimant is more capable than Ms. Manon suggested. The claimant testified she goes shopping with her mother on a regular basis, which suggests she is capable of at least some social contact.
>
> In a June 2014 statement, David Bingham, CNS, suggested the claimant was unable to work due to depression, anxiety, and panic attacks (Exhibit 8F/3-4). However, whether a claimant is able to work is a matter reserved to the Commissioner. Mr. Bingham is not an acceptable medical source (SSR 06-3p). As such, the undersigned gives this statement little weight.

(Doc. No. 11 at 27-28). This explanation is far from sufficient.

The ALJ did not discuss adequately any of the applicable factors when giving "partial" and "little" weight to the opinions of CNS Bingham and Counselor Manon. Instead, the ALJ appeared to give CNS Bingham "little weight" merely because he was "not an acceptable medical source." Further, though the ALJ briefly addressed the "consistency" factor, there is no meaningful comparison to the record as a whole. Instead, the ALJ merely makes a conclusory statement that "the record as a whole suggests the claimant is more capable than Ms. Manon suggested" and briefly references Caywood's daily activities.

Because the ALJ failed to properly explain the weight given to these opinions by considering the regulatory factors, I cannot properly evaluate the merit of the ALJ's decision to assign "partial" and "little" weight to the opinions of these examining specialists with history of treating Caywood. Therefore, the Commissioner's decision must be reversed and the matter remanded.

Regarding Caywood's second objection to the ALJ's "handling of State agency and consultative examiner opinion," (Doc. No. 18 at 1), I note only that I agree the ALJ failed to consider the required factors when assigning weight to these opinions, as well. On remand, the ALJ will have an opportunity to reevaluate the weight given to all opinions, giving due consideration to the regulatory factors.

## IV. CONCLUSION

For the foregoing reasons, I respectfully reject Judge Knepp's R & R. Instead, I hereby reverse the decision of the Commissioner and remand the matter for further proceedings.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge